UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA WATSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANSDEV ALTERNATIVE SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-02345-VC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMANDING THE CASE**<br><br>Re: Dkt. No. 14 |

　　　　The motion for leave to amend is granted. Accordingly, the case is remanded due to the joinder of nondiverse defendant Hassinger. 28 U.S.C. § 1447(e). This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

　　　　The district court has discretion to decide whether to allow the joinder of a party that will destroy diversity. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). District courts have identified a series of factors that can inform that decision, but "any of these factors may be determinative, and none is absolutely necessary for joinder." *Murphy v. American General Life Insurance Company*, 74 F.Supp.3d 1267, 1278 (2015).

　　　　Most significant in this case is the central role that Hassinger plays in the alleged events that underlie this lawsuit. According to the allegations in both the original and proposed amended complaint, Hassinger was Watson's primary harasser and engaged in outrageous conduct toward her. Since Hassinger's involvement has been clear since the beginning of this action, there is limited prejudice against Transdev from allowing her to be named as a defendant now. While the allegations about Hassinger's invasion of Watson's privacy are somewhat

incredible, they are not lacking in specific factual matter. The Court is not convinced by Transdev's attempts to argue that, even if the allegations are true, listening to an employee in the bathroom against the employee's express wishes (1) is not harmful or highly offensive, and (2) had been consented to in the "Email, Internet, General Computer Usage Policy." And the imprecision of the complaints' causes of action do not render them futile such that amendment is inappropriate. Any other factors that point toward denying joinder are insufficient to overcome the centrality of Hassinger to this case.

Thus, the motion for leave to amend the complaint is granted and the proposed First Amended Complaint is adopted as the operative complaint. Accordingly, the case is remanded to San Francisco Superior Court.

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
VINCE CHHABRIA
United States District Judge